**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ian Penningroth, | No. CV-25-02130-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Experian Information Solutions Incorporated, et al., | |
| Defendants. | |

This matter is before the Court on Defendant LexisNexis Risk Solutions, Inc.'s ("LexisNexis") Second Motion to Dismiss for lack of subject matter jurisdiction. (Doc. 88). The Motion is fully briefed. (Docs. 88; 94; 97). For the following reasons, the Court grants LexisNexis' Motion.

## I.      BACKGROUND

Plaintiff Ian Penningroth alleges that his mortgage application was denied because his credit reports indicated that some of his accounts were reporting social security numbers that did not belong to him. (Doc. 94 at 4). On or about May 13, 2024, pursuant to his rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681(g), Plaintiff requested a copy of hid consumer file from LexisNexis via its online platform (Id.) LexisNexis did not send Plaintiff a copy of his consumer file because LexisNexis allegedly could not authenticate Plaintiff's identity. (Doc. 88 at 5). Plaintiff contends that he provided LexisNexis "with his full name, SSN, a copy of his driver's license and a copy of his passport." (Doc. 94 at 4). However, LexisNexis contends that Plaintiff

provided no verification documents. (Doc. 88 at 5).

Plaintiff further contends that on or about July 31, 2024, he again requested his LexisNexis consumer file by mail with a copy of his Social Security card and his driver's license but did not receive a copy of his consumer file because LexisNexis could not verify his identity. (Doc. 94 at 4). However, LexisNexis contends that the address listed on Plaintiff's driver's license did not match the current address and Plaintiff did not provide verification documents showing his current address. (Doc. 88 at 5).

On February 7, 2025, Plaintiff contends that he requested his LexisNexis consumer file for a third time by mail with copies of his driver's license and Social Security but did not receive his consumer file. (Doc. 94 at 4). However, LexisNexis contends that it mailed Plaintiff his requested consumer file on March 7, 2025, which shows that no May or June 2024 report was submitted to Capital One, no May 13, 2024 report to Bell Bank, and there was no social security number variation. (Doc. 88 at 6).

On January 9, 2026, this Court granted LexisNexis' Motion to Dismiss and allowed Plaintiff leave to amend. (Doc. 75). Plaintiff filed an Amended Complaint (Doc. 83) and LexisNexis subsequently filed a second Motion to Dismiss (Doc. 88).

## II.    LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction over the action. Federal courts are of limited jurisdiction, and "Article III of the Constitution confines the jurisdiction of federal courts to 'Cases' and 'Controversies.'" FDA v. All. for Hippocratic Med., 602 U.S. 367, 378 (2024). "To establish standing, … a plaintiff must demonstrate (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." Id. at 368.

## III.    DISCUSSION

Defendant LexisNexis moves to dismiss all of Plaintiff's allegations against it for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. 88). For the

following reasons, the Court grants the Motion. (Id.)

### A. Motion to Dismiss

Defendant LexisNexis contends that Plaintiff has not alleged a concrete injury to establish Article III standing. (Id. at 7). In response, Plaintiff contends that Defendant LexisNexis' harm to Plaintiff's privacy interests is sufficient to confer Article III standing. (Doc. 94 at 6).

"To establish standing, … a plaintiff must demonstrate (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." Hippocratic Med., 602 U.S. at 368. "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly. . .allege facts demonstrating' each element." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (citation omitted). "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." Id. at 339. (citations omitted).

The Ninth Circuit has adopted a two-step framework to determine whether alleged violations of the FCRA are sufficiently concrete to confer standing: "(1) whether the statutory provisions at issue were established to protect [a plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." Robins v. Spokeo, Inc., 867 F.3d 1108, 1113 (9th Cir. 2017).

Regarding the first prong, the Ninth Circuit has already held that § 1681g was established to protect a plaintiff's concrete rights in fair and accurate credit reporting and consumer privacy. See Tailford v. Experian Info. Sols., Inc., 26 F.4th 1092, 1099–100 (9th Cir. 2022). Accordingly, Plaintiff satisfies the first prong of the Ninth Circuit's FCRA standing analysis.

As to the second prong, the Court finds that Plaintiff's complaint does not contain sufficient allegations of non-disclosure of information under § 1681g to "present a material risk of harm." Spokeo, 578 U.S. at 342. Plaintiff must allege "more than a bare

- 3 -

procedural violation of the statute that is 'divorced from' the real harms that FCRA is designed to prevent." Robins, 867 F.3d at 1115 (citations omitted).

The Supreme Court distinguishes the second prong of the standing inquiry between "(i) credit files that consumer reporting agencies maintain internally and (ii) the consumer credit reports that consumer reporting agencies disseminate to third-party creditors." TransUnion LLC v. Ramirez, 594 U.S. 413, 434 (2021). A plaintiff will not be able to show a concrete injury simply by alleging that a consumer-reporting agency failed to comply with one of FCRA's procedures." Spokeo, 867 F.3d at 1115-116. "The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." Ramirez, 594 U.S. at 434.

In this case, Plaintiff alleges that Defendant LexisNexis violated § 1681g of the FCRA by failing to provide Plaintiff a copy of his consumer file. (Doc. 94 at 8). However, LexisNexis contends that Plaintiff failed to establish a concrete and particularized injury because Plaintiff's Amended Complaint only alleges harm related to his inability to obtain a copy of his LexisNexis consumer file. (Doc. 88 at 9). Specifically, LexisNexis notes that Plaintiff's Amended Complaint no longer alleges that LexisNexis had anything to do with his mortgage or credit card denial, that the file had any inaccuracies or social security number variation, nor any allegations that information was missing in the consumer file. (Id.)

LexisNexis also contends that Plaintiff does not allege that anyone identified LexisNexis as a possible source of inaccurate social security number reporting, and that Plaintiff was merely "worried" that LexisNexis had an inaccurate social security number on file and "believed" he was mixed with another consumer. (Id. at 11; Doc. 83 at 12). In response, Plaintiff contends he was left to wonder who had accessed his personal information and was "robbed" of the ability to identify potential inaccuracies and the extent any potential inaccuracies were at risk of being disclosed to third parties. (Doc. 94 at 8).

Plaintiff also alleges that LexisNexis' alleged failure to provide Plaintiff a copy of

his consumer file prevented him from identifying potential identity theft and opting out of future "promotional" inquiries. (Doc. 83 at 19). In response, LexisNexis contends that Plaintiff's alleged harm is a "purely speculative" and "abstract harm that is not cognizable in federal court." (Doc. 88 at 10).

The Court finds that Plaintiff does not have standing to pursue its claims against LexisNexis. The Supreme Court has already held that a plaintiff lacks Article III standing when "[t]he mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." Ramirez, 594 U.S. at 434; see also Bassett v. ABM Parking Servs., Inc., 883 F.3d 776, 783 (9th Cir. 2018) (affirming dismissal of a complaint for lack of standing when a plaintiff's "theory of 'exposure' to identity theft is. . . 'too speculative for Article III purposes. . . .' and "private information was not disclosed to anyone. . .").

In this case, Plaintiff makes no allegations in his Amended Complaint that LexisNexis disseminated his consumer report to any third-party or that any of the information in his consumer file was inaccurate. (See Doc. 83). Plaintiff merely complains about possible dissemination of inaccurate information in the future. (Id. at 19). Further, Plaintiff does not challenge LexisNexis' evidence that it mailed Plaintiff a copy of his consumer file on March 7, 2025, more than three months before Plaintiff commenced this lawsuit. (Doc. 88 at 6). LexisNexis also contends, and Plaintiff does not challenge, that the disclosure showed that LexisNexis did not make a May or June 2024 report to Capital One, nor a May 13, 2024 report to Bell Bank, nor was there any social security number variation. (Id.)

Accordingly, Plaintiff lacks standing to pursue his claim that LexisNexis failed to provide him with a copy of his consumer file because he does not allege a "material risk of harm." Robins, 867 F.3d at 1113; see also Summers v. Earth Island Inst., 555 U.S. 488, 496 (2009) ("deprivation of a procedural right without some concrete interest that is affected by the deprivation ... is insufficient to create Article III standing").

**B.  No Leave to Amend**

This Court already granted Plaintiff leave to amend his complaint after granting LexisNexis' First Motion to Dismiss. (Doc. 75 at 6). However, Plaintiff's Amended Complaint still fails to establish Article III standing, and the Court finds that Plaintiff cannot cure the deficiencies in his Amended Complaint. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("district courts are only required to grant leave to amend if a complaint can possibly be saved."). Moreover, "where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to [his] claims, the district court's discretion to deny leave to amend is particularly broad." Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotation marks omitted)).

Further, any amendments would likely be futile. Plaintiff does not explain specifically how he would plausibly amend the complaint to confer standing nor does Plaintiff request leave to amend. (See Doc. 94); Carrico v. City & Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (when a plaintiff does not "propose any specific allegations that might rectify [its] failure [to establish Article III standing]. . .[it] demonstrat[es] [ ] [a plaintiff's] inability ... to make the necessary amendment."). Thus, the Court dismisses Plaintiff's Amended Complaint against LexisNexis with prejudice.

Accordingly,

**IT IS ORDERED granting** Defendant LexisNexis' Second Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. 88).

**IT IS FURTHER ORDERED dismissing** all of Plaintiff's claims against Defendant LexisNexis **with prejudice**. (Doc. 83).

**IT IS FURTHER ORDERED directing** the Clerk of Court to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Defendant LexisNexis may file an application for attorney's fees and costs on or before May 15, 2026.

///

///

Dated this 10th day of April, 2026.

_____
Stephen M. McNamee
Senior United States District Judge