**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ian Penningroth, | No. CV-25-02130-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Experian Information Solutions Incorporated, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Leave to File Reply in Support of Plaintiff's Motion to Stay. (Doc. 118). Defendant LexisNexis filed an objection and a response. (Docs. 116; 121). For the following reasons, the Court denies the Motion.

## I.    LEGAL STANDARD

Rule 6(b)(1)(B) permits a court to extend a deadline after its expiration "for good cause" if the requesting party "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether a party has shown excusable neglect, the Court considers at least four equitable factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. United States Postal Serv., 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

## II.    DISCUSSION

Plaintiff contends that his failure to file his Reply was the result of excusable neglect. (Doc. 118 at 4). First, Plaintiff contends that "the reason for delay is due to an inadvertent mistake by Plaintiff's support staff[] when the deadline for the Reply was calendared." (Doc. 118 at 4). The Ninth Circuit has found that inadvertent mistakes from support staff may constitute excusable neglect. See e.g., Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1255 (9th Cir. 2010). But other than counsel's assertions, no evidence has been brought forth at substantiate that it was clearly inadvertent.

Second, Plaintiff contends that the delay was only four business days. (Doc. 118 at 4). This falls comfortably within the range of delays that courts have been willing to excuse. See, e.g., Ahanchian, 624 F.3d at 1255 (counsel filed three days late, due to a calendaring mistake and computer problems); Los Altos El Granada Inv'rs v. City of Capitola, 583 F.3d 674, 682–83 (9th Cir. 2009) (delay of "only twelve days" supports a finding of excusable neglect). While it is within the Court's discretion to grant Plaintiff's relief, the Court finds declines to exercise its discretion here based on the other factors.

Third, Plaintiff contends that there is no conceivable danger of prejudice to LexisNexis. (Doc. 118 at 5). Not so, Plaintiff raises a plethora of new issues that should have been and could have been raised in his initial motion. Courts will not consider new arguments raised in a reply. See Lentini v. Cal. Ctr. For the Arts, 370 F.3d 837 n. 6 (9th Cir. 2004)); see also Gadda v. State Bar of Cal., 511 F.3d 933, 937 n. 2 (9th Cir. 2007); see also Cedano–Viera v. Ashcroft, 324 F.3d 1062, 1066 n. 5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."). Yet Plaintiff's Reply improperly purports to seek relief beyond what was requested in his original motion — to strike or ignore all the briefing made, and require the parties to re-brief the fee application following Plaintiff's appeal on the merits. Compare Doc. 119 at 5("[i]f the Ninth Circuit affirms, LNRS may refile its application") with Doc. 109 at 5-6 ("If Plaintiff's appeal is denied, the Parties can finish the briefing on LNRS' Application for Attorneys' Fees and Costs. If Plaintiff's appeal is granted, Plaintiff's response would

become moot." And: "It will prevent the Parties from having to brief a request for fees and costs . . . ." (emphasis added). Also, even Plaintiff points out that LexisNexis "does not receive a sur-reply." (Doc. 118 at 5). Thus, the Court finds that LexisNexis will be prejudiced because it will not be able to respond to Plaintiff's new arguments, so this factor weighs against finding excusable neglect.

Lastly, Plaintiff contends that he does not have a history of bad faith throughout this litigation. (Id. at 6). Plaintiff states "[n]othing in the record suggests that Plaintiff was acting in bad faith. Throughout this case, Plaintiff has repeatedly agreed to extensions for other parties' deadlines, as well as moved for extensions with the Court when needed." (Id.) The Court disagrees and finds that Plaintiff's assertions strongly mischaracterize the record. The Court will address some of Plaintiff's conduct in turn.[1]

### A. Deposition Scheduling

LexisNexis contends that Plaintiff served it with a Rule 30(b)(6) deposition notice "listing fourteen overly broad and irrelevant topics and unilaterally set the deposition date, then refused to move the date when counsel for LexisNexis Risk advised Plaintiff's counsel that the unilaterally noticed date would not work." (Doc. 108 at 5). LexisNexis also contends that on the day this Court granted LexisNexis' Motion to Dismiss, "Plaintiff's counsel continued to refuse to move the deposition to a date that was mutually convenient for both parties and previously insisted that LexisNexis Risk burden this court with a motion for protective order if it would not appear on a unilaterally imposed date." (Id. at 5-6). Plaintiff did not challenge these allegations in his response. (See Doc. 112).

### B. Written Discovery

Plaintiff requested 29 Requests for Admission despite this Court's limit, (see Doc. 61 at 2), 33 Requests for Production, and 19 Interrogatories. (Doc. 108 at 5). LexisNexis responded to Plaintiff's requests and supplemented discovery after multiple meet-and-confer demands and meetings requested by Plaintiff. (Id.) This Court not only limited the

---

[1] The Court also notes that Plaintiff cites numerous unbinding and overturned cases in support of his Motion. (See Doc. 118).

written discover requests in its scheduling order, but this issue was discussed at length during the Rule 16 Scheduling Conference on October 31, 2025. In fact, the Court stated that Plaintiff's requests for admissions and interrogatories were overly burdensome and "unreasonable on their face." Hrg. Tr. 32:2, October 31, 2025.

C.  Frivolous Lawsuit

The Court also finds that Plaintiff repeatedly pressed this lawsuit on LexisNexis, knowing the key allegations against LexisNexis in the Complaint and in the Amended Complaint were false. Plaintiff still has not retracted the false allegations that he was denied a mortgage by Bell Bank or that LexisNexis had anything to do with the SSN variation reported to the lenders at issue here. Deposition testimony from Bell Bank confirmed that Plaintiff knowingly filed this federal lawsuit against LexisNexis with no basis to support any claims under the FCRA against it, including the allegations that he was denied a mortgage to his "dream home," (Doc. 83 at ¶ 63), while he in fact was living in that home. Additionally, Plaintiff chose to press an amended claim asserting that LexisNexis "refused" to provide his consumer file disclosure, (see id. at ¶¶ 126, 142, 158), knowing that LexisNexis did provide him with his consumer file disclosure on March 7, 2025, months before the filing of the original Complaint. Plaintiff even attached a copy of the disclosure to his response to LexisNexis' first motion to dismiss. (Doc. 43-1). Accordingly, the Court finds that this factor weighs strongly against finding excusable neglect.

**III.  CONCLUSION**

On balance, the Court finds that there is no excusable neglect for Plaintiff's late reply brief and denies Plaintiff's request for leave to file a late reply. The evidence in the record is overwhelming that Plaintiff's claims and positions throughout this litigation were neither supported factually nor legally. For the reasons set forth,

**IT IS ORDERED denying** Plaintiff's Motion for Leave to File Reply in Support of Motion to Stay **with prejudice**. (Doc. 118).

Dated this 29th day of June, 2026.

_____
Stephen M. McNamee
Senior United States District Judge