**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ian Penningroth, | No. CV-25-02130-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Experian Information Solutions Incorporated, et al., | |
| Defendants. | |

This matter is before the Court on Defendant LexisNexis Risk Solutions, Inc.'s ("LexisNexis") Application for Attorney Fees and Costs (Doc. 108) and Plaintiff's Motion to Stay the Briefing of LexisNexis' Application for Attorney Fees and Costs Pending the Outcome of Appeal. (Doc. 109). The Motions are fully briefed. (Docs. 112; 113; 114). For the following reasons, the Court grants Plaintiff's Motion to Stay and denies LexisNexis' Motion for Attorney Fees and Costs without prejudice.

## I.    BACKGROUND

On June 17, 2025, Plaintiff initiated this suit alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. (Doc. 1). Plaintiff's original Complaint revolved around an allegation of one or more incorrect SSNs allegedly being reported by Experian, Trans Union, and Equifax. (Doc. 1 at ¶¶ 54–57). Plaintiff's mortgage broker, Bell Bank, reviewed Plaintiff's credit reports from Equifax, Experian, and Trans Union. (Id. ¶ 54). Thereafter, on May 13, 2024, the Bell Bank allegedly notified Plaintiff that Capital One Auto Finance and Capital One Bank were both

reporting SSNs that did not belong to him and that he should contact Experian, Trans Union, and Equifax because Bell Bank could not move forward with a mortgage until that issue was corrected. (See id. ¶¶ 54–57). Plaintiff allegedly suffered a "loan denial." (Id. ¶¶ 144, 151, 160, 166). But Plaintiff was conditionally approved for his mortgage and suffered no delay in closing. (See Doc. 108-2).

Plaintiff did not allege that LexisNexis reported any information to Bell Bank relating to his mortgage application. (See Doc. 1). Rather, the Complaint is clear that the alleged inaccuracies were from "credit reports from Experian, Trans Union, and Equifax." (Id. ¶54). Still, Plaintiff included LexisNexis in collective allegations concerning his alleged loan denial and claims under 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i with no basis to support those claims as pertaining to LexisNexis. (See id.)

The Complaint also alleged that in May or June 2024, Plaintiff applied for a Capital One credit card. (See id. ¶ 106). The Complaint asserted in a collective allegation only "upon information and belief" that "Plaintiff was denied credit because the CRA Defendants reported to Capital One that Plaintiff had an SSN variation within his report." (Id. ¶ 108).

Finally, the Complaint alleged Plaintiff requested his consumer file disclosure from LexisNexis on or around August 2, 2024, providing the company "with a copy of his Social Security Card and a copy of his driver's license in order to assist [LexisNexis] identify him in its records." (Id. ¶¶ 110–11). Plaintiff asserted LexisNexis "refus[ed] to provide Plaintiff with a copy of his consumer file" in violation of 15 U.S.C. § 1681g. (Id. ¶ 116).

LexisNexis moved to dismiss Plaintiff's claims against it, (Doc. 36), which the Court granted, (Doc. 75), and subsequently denied Plaintiff's motion for reconsideration, (Doc. 82), holding Plaintiff lacked standing to bring his claims. Plaintiff then filed an Amended Complaint, (Doc. 83).

Plaintiff no longer brought claims against LexisNexis under 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i, or made any allegations that LexisNexis had anything to do with

the credit or mortgage "denials." (See id.) Instead, Plaintiff only brought a Section 1681g claim related to three alleged refusals to provide him with his LexisNexis consumer file disclosure. (See id.) First, Plaintiff contended that on or about May 13, 2024, he requested his LexisNexis consumer file disclosure but did not receive a copy because his identity could not be authenticated. (See id. ¶¶ 115–18). As Plaintiff contended, he provided LexisNexis "with his full name, SSN, a copy of his driver's license and a copy of his passport." (Id. ¶ 119). But he knew prior to filing the Amended Complaint that he "made his request on the LexisNexis Risk web portal and provided no verification documents." (Doc. 88-1 at 5). Next, Plaintiff contended that on or about July 31, 2024, he again requested his LexisNexis consumer file disclosure by mail with "a copy of his Social Security card and a copy of his driver's license," but did not receive his disclosure because his identity could not be authenticated. (Doc. 83 at ¶¶ 135–39). Plaintiff omitted from his Amended Complaint, and his response to the Second Motion to Dismiss, the fact that "[t]he address listed on the Driver's License included with the letter did not match the current address provided in the request, and Plaintiff provided no verification documents showing Plaintiff's current address." (Doc. 88-1 at 5–6).

Finally, Plaintiff contended that on or about February 7, 2025, he again requested his LexisNexis consumer file disclosure by mail with copies of his driver's license and Social Security card but did not receive his disclosure. (Doc. 83, at ¶¶ 153–58). Specifically, Plaintiff contended that LexisNexis "again refused to provide Plaintiff with a copy of his consumer file." (Id. ¶ 158) (emphasis in original). However—as Plaintiff knew prior to filing his Amended Complaint—"LexisNexis Risk mailed the requested consumer disclosure to Plaintiff on March 7, 2025." (Doc. 88-1 at 6). This consumer disclosure was attached to Plaintiff's response to LexisNexis' first motion to dismiss. (See Doc. 43-1 (dated March 7, 2025). Notably, the disclosure shows no May or June 2024 report to Capital One, no May 13, 2024, report to Bell Bank, and no SSN variation reporting by LexisNexis or any Capital One tradelines. (Docs. 54 at 5–6; 88-1).

Plaintiff's Amended Complaint lists alleged harm in numerous paragraphs based

on LexisNexis' "refusal to provide Plaintiff with a copy of his consumer file." (Doc. 83, at ¶¶ 127–34, 143–50, 159–66). Plaintiff continues to contend he suffered "loan denials." (Id. ¶¶ 185, 192, 201, 207; see also Doc. 94 at 3 (arguing in his response he suffered a "mortgage denial")).

Later, the Court granted LexisNexis' Second Motion to Dismiss, again dismissed Plaintiff's claims against LexisNexis, and ordered that "Defendant LexisNexis may file an application for attorney's fees and costs on or before May 15, 2026." (Doc. 100 at 6). During this litigation, among other things, LexisNexis responded to Plaintiff's 29 Requests for Admission (exceeding the Court's limit), (Doc. 61 at 2), 33 Requests for Production, and 19 Interrogatories, and supplemented discovery after multiple meet-and-confer demands and meetings requested by Plaintiff. (Doc. 108 at 5). Plaintiff also served LexisNexis with a Rule 30(b)(6) deposition notice listing fourteen allegedly overly broad and irrelevant topics and unilaterally set the deposition date, then refused to move the date when counsel for LexisNexis advised Plaintiff's counsel that the unilaterally noticed date would not work. (Id.) Also, on the day this Court entered the Order granting LexisNexis' Motion to Dismiss, Plaintiff's counsel continued to refuse to move the deposition to a date that was mutually convenient for both parties and previously insisted that LexisNexis burden this Court with a motion for protective order if it would not appear on a unilaterally imposed date. (Id.)

On May 15, 2026, LexisNexis filed its Application for Attorneys' Fees and Costs (Doc. 108) and on May 18, 2026, Plaintiff filed a Motion to Stay the Briefing of Lexis Nexis' Application for Attorneys' Fees and Costs, (Doc. 109). Plaintiff filed a response to LexisNexis' Application for Attorney Fees and Costs. (Doc. 112). LexisNexis filed a response to Plaintiff's Motion to Stay, and a reply in support of its attorney fees application. (Docs. 113; 114). Plaintiff later filed a late reply in support of its Motion to Stay, which the Court struck. (Docs. 115; 117). Plaintiff later filed a Motion for Leave to File Reply in Support of Motion to Stay, which the Court denied. (Docs. 118; 123). On July 21, 2026, Plaintiff filed a notice of appeal to the Ninth Circuit. (Doc. 124).

## II.    LEGAL STANDARD

When deciding whether to stay an order pending appeal, courts consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Nken v. Holder, 556 U.S. 481, 426 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). These factors "contemplate individualized judgments in each case," and "cannot be reduced to a set of rigid rules." Hilton, 481 U.S. at 777.

## III.    DISCUSSION

Plaintiff contends that this Court should stay resolving LexisNexis' Application for Attorneys' Fees and Costs pending Plaintiff's forthcoming appeal. (Doc. 109 at 4). Plaintiff further contends that it will waste judicial resources to rule on the Application for Attorneys' Fees at this time when perhaps this Court may have to re-evaluate the Application for Attorneys' Fees after the appeal is completed. (Id. at 6). In response, LexisNexis contends that Plaintiff's appeal is frivolous, and that it would be burdensome for it to defend a second appeal months or years later. (Doc. 113 at 4).

In evaluating whether to stay a motion pending an appeal, the Court considers the stay factors set forth in Hilton v. Braunskill. 481 U.S. at 776. First, the Court considers "whether the stay applicant has made a strong showing that he is likely to succeed on the merits." Nken, 556 U.S. at 426. Under the first factor, applicants for a stay need only show "'a reasonable probability' or 'fair prospect' of success," and are not required to demonstrate that they are more likely than not to prevail on the merits. FTC v. Qualcomm Inc., 935 F.3d 752, 755 (9th Cir. 2019) (quoting Leiva-Perez v. Holder, 640 F.3d 962, 966-67 (9th Cir. 2011)). Here, Plaintiff does not argue that he will proceed on the merits. Rather, Plaintiff contends that this Court should stay resolving LexisNexis' Application for Attorney Fees (Doc. 108) in the interest of judicial economy. (Doc. 109 at 6).

First, this Court already determined that Plaintiff's case against LexisNexis is

frivolous. Thus, there is an extraordinarily low likelihood of success on appeal. The Court previously found that "Plaintiff repeatedly pressed this lawsuit on LexisNexis, knowing the key allegations against LexisNexis in the Complaint and in the Amended Complaint were false." (Doc. 123 at 4). Plaintiff still has not retracted the false allegations that he was denied a mortgage by Bell Bank or that LexisNexis had anything to do with the SSN variation reported to the lenders at issue here. Deposition testimony from Bell Bank confirmed that Plaintiff at least recklessly filed this lawsuit against LexisNexis with no basis to support any claims under the FCRA against it, including the allegations that he was denied a mortgage for his "dream home," (Doc. 83 at ¶ 63), when he was in fact was living in that home when the lawsuit was filed. Additionally, Plaintiff chose to press an amended claim asserting that LexisNexis "refused" to provide his consumer file disclosure, (see id. ¶¶ 126, 142, 158), knowing that LexisNexis did provide him with his consumer file disclosure on March 7, 2025, months before the filing of the original Complaint. Plaintiff even attached a copy of the disclosure to his response to LexisNexis' first motion to dismiss. (Doc. 43-1). Thus, the first factor weighs against a stay.

Second, Plaintiff has not demonstrated he will be irreparably harmed absent a stay. As Plaintiff has signaled, he may challenge any fee award after his merits appeal. (See Doc. 113-1 at 1). Thus, the Court finds that the second factor weighs against a stay.

Third, the Court finds that a stay will not substantially injure Defendants. Plaintiff contends that LexisNexis is a large entity and can "endure a modest delay in the resolution of its Application for Attorneys' Fees and Costs." (Doc. 109 at 4-5). In response, LexisNexis contends that it would be burdensome for it to defend a second appeal months or years later. (Doc. 113 at 4). The Court finds that LexisNexis has demonstrated that it would be injured if the Court grants the stay but has not shown that it will be "substantially" injured. Hilton, 481 U.S. at 776. Thus, the Court finds that the third factor favors a stay.

Fourth, the Court finds that the public interest weighs in favor of granting Plaintiff's request for a stay in the interest if judicial economy. The Court finds it

duplicative for it to assess attorneys' fees twice—once for the fees incurred during the district court case and a second time for the appeal. See Trulis v. Barton, 107 F.3d 685, 696 (9th Cir. 1995) ("On remand the district court shall fix appropriate attorneys fees on appeal."); see also Sw. Adm'rs, Inc. v. Rozay's Transfer, 791 F.2d 769, 778 (9th Cir. 1986) ("After the mandate issues, the district court will assess a reasonable attorneys' fee for this appeal."). Thus, the fourth factor favors a stay.

After carefully weighing and balancing the interests of the Court, counsel, and the litigants in this matter, the Court has determined that it would be imprudent to resolve Defendant LexisNexis' pending Application for Attorneys' Fees since Plaintiff appealed the Court's prior orders granting Defendant LexisNexis' Motion to Dismiss. See CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) ("A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of a sound discretion."). Therefore, the Court will deny Defendant LexisNexis' Application for Attorneys' Fees without prejudice and with leave to re-file its Application upon the Ninth Circuit's resolution of Plaintiff's appeal.

Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion to Stay. (Doc. 109).

**IT IS FURTHER ORDERED denying** Defendant LexisNexis' Application for Attorney Fees and Costs **without prejudice**. (Doc. 108).

**IT IS FURTHER ORDERED** that Defendant LexisNexis shall re-file its Application for Attorney Fees upon the Ninth Circuit's resolution of Plaintiff's appeal.

**IT IS FURTHER ORDERED directing** the Clerk of Court to terminate this case.

Dated this 28th day of July, 2026.

_____
Honorable Stephen M. McNamee
Senior United States District Judge